WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>           Plaintiff,<br>v.<br>Albert Burruel,<br>           Defendant. | CR 05-605 TUC DCB<br><br>**ORDER** |

      Currently pending are seven pretrial motions, but all have been resolved by the parties except for the following three: Defendant's Motion to Dismiss Count III, Defendant's Motion to Preclude 404(b) Evidence, and the Government's Motion to Correct Count III of the Superceding Indictment. The Court grants the motion to dismiss Count III, making the Motion to Preclude 404(b) Evidence and Motion to Correct Count III moot.

      Count I charges that Defendant intentionally, knowingly and recklessly assaulted Eugene Rios an Indian, by shooting a firearm and wounding Rios in the leg, resulting in serious bodily injury in violation of 18 U.S.C. 113(a)(6) and 1153. Count II charges that Defendant knowingly used and carried a loaded firearm during and in relation to a crime of violence, that is assault resulting in serious bodily injury in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Count III charges the Defendant with committing the offense by possessing a deadly weapon, having previously been convicted of the felony offense of second degree murder making him a felon in possession of a weapon in violation of ARS § 13-3101(6)(b), § 13-3102(4).

Motion to Dismiss Count III:

Defendant argues that the Government improperly applies the Assimilative Crimes Act (ACA) to charge the Defendant with a state law violation because his crime is covered by federal law.

The ACA provides: "Whoever within or upon any [federal enclave], is guilty of any act or omission which, although not made punishable by any act of Congress, would be punishable if committed or omitted within the jurisdiction of the State . . . in which such place is situated . . . shall be guilty of a like offense and subject to a like punishment."

### A.

Defendant argues that the ACA applies on Indian reservations through the Federal Enclaves Act (FEA), 18 U.S.C. 1152, with exceptions for Indians who have already been punished for their actions under tribal law. Defendant argues that he was punished for aggravated assault in tribal court so the ACA does not apply, but the tribal court conviction and punishment was for misdemeanor assault. There is no equivalent tribal statute to the laws that prohibit felons from possessing firearms.

18 U.S.C. 1152 provides, the following:

> Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States * * * shall extend to the Indian country.
>
> This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

"Unless there is present one of the three conditions provided by Sec. 1152 Par. 2 to exempt an Indian from liability for offenses under the general laws of the United States to which he is subject by virtue of Sec. 1152 Par. 1, that section, is effective to render him amenable to such general laws, including or as enlarged by the Assimilative Crimes Act. " *United States v. Soseur,* 181 F.2d 873, 875 (7th Cir. 1950). In other words, in the absence

2

of a tribal law under which an alleged offender has actually been punished, or an express recognition of exclusive jurisdiction in the tribe by treaty stipulation, tribal members are subject to the general laws of the United States which by Sec. 13, the Assimilative Crimes Act, are to be found not only in the federal code, but also in the statutes of the State within whose territorial limits the reservation is located, and made a part of the federal law for such reservation by assimilation. *Id.*

Defendant has not been punished in tribal court for any of the charges lodged against him here, therefore, he is not exempt from this prosecution.

## B.

"The ACA was enacted to fill voids in federal criminal law, so that those who commit crimes in federal enclaves would be appropriately punished by borrowing applicable state law from the state in which the enclave is located." *United States v. Souza*, 392 F.3d 1050, 1052-53 (9th Cir. 2004) (citing *Lewis v. United States,* 523 U.S. 155, 160-61 (1998)).

The Defendant argues that Congress prohibited any person who has been convicted of a felony, from receiving, possessing or transporting in commerce or affecting commerce, any firearm. 18 U.S.C. § 922(g)(1). The Defendant argues that because there is a federal law applicable to the offense, state law may not be applied under the ACA.

The Government argues that federal law only proscribes a felon's possession of a firearm that has moved in or affected interstate commerce. The Arizona law, however, proscribes the possession of any firearm by a convicted felon whose civil right to bear arms has not been restored. The Government argues that in the present case the gun was never recovered so it is impossible to determine whether it ever traveled in interstate commerce or not and, correspondingly, the Defendant can not be charged with violating the federal law, 18 U.S.C. 922(g)(1). The Government argues that under the facts of this case there is no federal law to apply and so there is a gap which the Arizona law fills by assimilation under the ACA.

There is a two-part test for analyzing whether a particular state criminal law is properly incorporated into federal law under the Act. *Souza*, 392 F.3d at 1052-53 (citing *Lewis*, 523 U.S. at 164). First, a court must inquire whether the "defendant's 'act or omission ⋯ [is] made punishable by *any* enactment of Congress.' " *Id.* (quoting 18 U.S.C. § 13(a)) (emphasis added in *Souza*). If the answer lies in the negative, typically the assimilation of state law is proper. *Id.* But if the act or omission in question is punishable by some federal enactment, a court must further ask whether the applicable federal law precludes application of the state law in question. *Id.* There is no "automatic general answer" to this inquiry, but *Lewis* suggests several circumstances in which state law would be precluded: (1) where state law "would interfere with the achievement of a federal policy"; (2) where "state law would effectively rewrite an offense definition that Congress carefully considered"; and (3) where "federal statutes reveal an intent to occupy so much of a field as would exclude use of the particular state statute at issue." *Id.* (citing *Lewis,* 523 U.S. at 164-65).

The ACA may not be used to rewrite distinctions in treatment of criminal behavior that Congress has intentionally created. *Id.* (citing *Lewis*, 523 U.S. at 165). In addition, where state and federal statutes "seek to punish approximately the same wrongful behavior" and there are mere jurisdictional, technical, or definitional differences between the statutes, assimilation of state law is precluded. *Id.*

In *Souza*, the Court held that general federal theft and trespass laws prohibited defendant's behavior, but that there was no federal provision to punish burglary. The Court found a substantial difference in the kind of wrongful behavior covered by the two, indicating the presence of a gap in federal law for the Hawaii burglary statute to fill.

As for Defendant's case, "the fact that the federal firearms statute requires proof of an interstate nexus, while a state firearm possession statute did not, was found not to be a significant enough difference to justify use of state law." *United States v. Patz*, 584 F.2d 927, 931 (9th Cir. 1978) (citing *United States v. Butler*, 541 F.2d 730 (8th Cir. 1976)).

4

In *Butler,* the court explained that it looks at the generic conduct Congress sought to punish to answer the question of whether the state and federal statutes "seek to punish approximately the same wrongful behavior," and if so– assimilation of state law is precluded. Mere jurisdictional, technical, or definitional differences do not affect such preclusion. The court expressed a concern with expansion of federal crimes under the ACA *Butler*, 541 F.2d at 735 (citing *Williams v. United States*, 327 U.S. 711 (1946)).

The court looked at the federal felon in possession law and explained that even if it assumed that Congress intended to regulate the interstate trafficking of guns by felons, Congress had also placed provisions in the statute aimed at proscribing the generic conduct of acquisition and possession of a firearm by a felon because the interstate commerce nexus in the statute did not require knowledge by the felon that the gun had traveled in interstate commerce so that it was only necessary to prove that the gun (not the felon in possession) passed at some time in interstate commerce. *Butler*, 541 F.2d at 736. Therefore, Congress aimed the federal law at the acquisition and possession of firearms by felons, not to interstate trafficking in firearms. *Id.* at 736-37. Therefore, the court reasoned that the federal law and the state law were aimed at substantially the same conduct. *Id.*

Under *Butler,* the answer to the first question is: yes, both the state and federal law indicate an intent to punish the same conduct: prohibiting felons from possessing firearms. This Court agrees with the court in *Butler* that the differences between the elements of the two statutes are not substantial and are probably jurisdictional more than substantive. Such insubstantial differences preclude assimilation of state law.

The Court recognizes that the Government's argument for assimilation is in keeping with more recent decisions which tend to more readily find assimilation for state laws in federal enclave cases. Such cases rely on the two part test applied in *Lewis v. United States,* 523 U.S. 144 (1998) as compared to the expression of concern with the expansion of federal

crimes under the ACA in *Williams v. United States*, 327 U.S. 711 (1946), relied on in *Butler*.[1] The Court follows *Butler* because it is directly on point and still good law regardless of these developments in the case law applying the ACA.

The Court dismisses Count III of the Superceding Indictment. As well, it denies the Motion to Correct Count III of the Superceding Indictment as moot in light of its dismissal. The parties agree that in the event Count III is dismissed the Defendant's Motion to Preclude 404(b) Evidence may be granted because the Government shall not seek to introduce any 404(b) evidence, except as it reserves the right to seek admission of Defendant's prior conviction for impeachment purposes in the event the Defendant takes the stand.

**Accordingly,**

**IT IS ORDERED** that the Motion to Dismiss Count III of the Superceding Indictment (document 22) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to Preclude 404(b) Evidence (document 30) is GRANTED, except as reserved by the Government for impeachment purposes in the event the Defendant testifies.

**IT IS FURTHER ORDERED** that the Motion to Correct Count III of the Superceding Indictment (document 60) is DENIED AS MOOT.

/////
/////
/////
/////

---

[1] "Purpose. The district court based its interpretation of the ACA upon a supposed purpose to equalize the rights and duties of persons on and off federal enclaves. We find no history or precedent to support this interpretation. The legislative history of the ACA demonstrates that its purpose was not to equalize, but to fill the voids in the criminal law applicable to federal enclaves created by the failure of Congress to pass specific criminal statutes." *United States v. Butler*, 541 F.2d 730, 733-34 (8th cir. 1976) (citations omitted).

**IT IS FURTHER ORDERED** that all other pending motions (documents ## 26, 27, 28. 38, 43) are DENIED AS MOOT.

DATED this 12th day of May, 2006.

David C. Bury
United States District Judge